[Civ. No. 1702.   Third Appellate District.—October 16, 1917.]

R. E. McCULLEY et al., Copartners, etc., Appellants, v. C. H. FEE et al., Respondents.

RECEIVER—PURCHASES FOR CORPORATION—NONLIABILITY OF CREDITORS AS SURETIES ON BOND.—Creditors of a corporation in becoming sureties on the bond of the receiver of the corporation are not rendered personally liable for purchases made by the receiver in the conduct of the business of the corporation, with which they had nothing to do, on the theory that the receiver was their agent and acting for the benefit of all the creditors.

APPEAL from a judgment of the Superior Court of Modoc County. Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

B. B. Robinson, and C. S. Baldwin, for Appellants.

Jamison & Wylie, for Respondents.

CHIPMAN, P. J.—Plaintiffs, as copartners, brought the action against defendants to recover for the value of certain wagons alleged to have been sold and delivered by plaintiff to defendant W. R. Wilkinson, who, it is alleged, was at the time acting in the capacity of receiver of Fandango Lumber Company, a corporation. The remaining defendants are alleged to have been creditors of the said corporation and that defendant Wilkinson was appointed as said receiver at their suggestion, and that in the conduct of the business of the said corporation by said Wilkinson under said appointment as receiver, he was acting as their agent. It is alleged, also, in the complaint, that Wilkinson has departed from the state and still continues to absent himself from the state. He was not served with summons, as we understand, and the theory of the complaint was, and the claim now made is, that the defendants other than Wilkinson are liable upon the theory that Wilkinson was their agent. The case was tried by the court without a jury and the defendants had judgment for their costs, from which plaintiffs appeal.

It appears that one E. G. Peterson commenced an action in the superior court of Modoc County against the said Fan-

dango Lumber Company, a corporation, the Sunset Lake Lumber Company, a corporation, and W. R. Wilkinson, trustee, as defendants, to recover judgment for claims held by sundry creditors of said Fandango Lumber Company previously assigned to plaintiff in the action. Pending the action and upon the complaint therein and the affidavit of the plaintiff, said W. R. Wilkinson was appointed receiver of the assets and property of the defendants. It appeared, also, that previous to the appointment of the receiver, the said Wilkinson had been made trustee by a trust deed made by the directors of the Fandango Lumber Company conveying its property in trust to Wilkinson for the benefit of the creditors of said corporation. This trust deed is not in the record. The order of appointment of Wilkinson as receiver recited that he was appointed "with the usual powers of receivers in such cases upon his filing a bond with the clerk of this court and executed to the state of California in the penal sum of ten thousand dollars, conditioned for the faithful performance and discharge of his duties in the usual form." Wilkinson executed a bond as required by the court as principal, and among the sureties on his bond were the defendants Fee, Lowell, Stephens, and Peterson.

The court found "that in the transactions between the said W. R. Wilkinson with the plaintiffs in this case as set forth in their complaint filed herein, including the trading of lumber belonging to the said Fandango Lumber Company for wagons, the said W. R. Wilkinson had no order or authority from the court for so doing, nor was he acting under any authority or direction of these defendants now in court, or any of them, or at their instance or upon their behalf, nor was he in doing any of said acts acting as receiver as aforesaid, but was acting wholly and entirely in his individual capacity and not otherwise."

Upon the claim made by plaintiffs that Wilkinson was acting in the capacity of agent for defendants, and hence that the latter are liable as principals, the court made the following finding: "That the said W. R. Wilkinson was not, when acting as receiver as aforesaid, in any way or manner the agent of these defendants now in court or of any of them, and was not their agent, nor was he acting under any authority or direction from them or any of them in the purchase of the said wagons from plaintiffs as set forth in the said complaint,

and had no authority to bind, nor did he bind, these said defendants in any way as agent for them, or otherwise in the purchase of said wagons or any of them.''

As to the averments in the complaint that Wilkinson, as receiver, made representations to the plaintiffs that in the purchase of said wagons he was acting as such receiver and was making the purchases for the use and benefit of said Fandango Lumber Company and defendants as creditors thereof, the court finds as follows: ''That any representations that were made by the said W. R. Wilkinson at the time of the purchase of the wagons from plaintiffs as set forth in the complaint were made by him without any authority from these said defendants, or any of them, and without their knowledge, and that no part or portion of said wagons, or any profit in any way that may have been derived therefrom by the said W. R. Wilkinson, was ever received or had by the said defendants now in court or any of them.''

Appellants state in their brief that ''respondents in this case are not sued because they were bondsmen of Wilkinson, neither are they sued for damages for malicious abuse of process, or malicious prosecution. The case was based and tried on the theory of agency, and according to the view of appellants, the facts fit that theory of the law.''

Some question is raised as to the validity of Wilkinson's appointment as receiver, appellants claiming that it was void. Whatever view may be taken of this question, it is clear from the evidence that he was acting in that capacity apparently in good faith, and whatever he did was done under the claim of being receiver in the action. While appellants do not claim that the respondents other than Wilkinson were liable on their bond, they do claim, however, that because of the fact that they became sureties for Wilkinson and that he was acting for the benefit of the creditors of said Fandango Lumber Company, Wilkinson must be held to have acted for them and as their agent.

The finding of the court that Wilkinson made the purchases without any authority from the said respondents, or any of them, and without their knowledge, and that they received no benefit from said purchases, is fully supported by the evidence.

So far as we can discover from the record, Wilkinson was appointed receiver upon the advice of the attorney for all

the creditors, of whom respondents are but a part, and that these respondents became sureties for Wilkinson in good faith, believing that the appointment of a receiver was for the benefit and advantage of all the creditors; but in the conduct of Wilkinson as receiver, these respondents had nothing to do, and in no way, so far as the evidence discloses, constituted Wilkinson as their agent in the purchase of the wagons sold to him by plaintiffs. We are unable to perceive any ground upon which the said respondents can be held liable in this action.

We are of the opinion that the findings are supported by the evidence and that they are ample to support the judgment. Judgment is therefore affirmed.

Hart, J., and Burnett, J., concurred.